No. 24-4040

DISTRICT COURT CASE NO. 2:24-CR-91-ODW
RELATED CASE NO. 2:24-mj-00166-DJA-1

_____

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

ALEXANDER SMIRNOV,

Appellant,

vs.

UNITED STATES OF AMERICA,

Appellee.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

_____

MOTION FOR RECONSIDERATION AND MOTION FOR
RECONSIDERATION *EN BANC*

DAVID Z. CHESNOFF, ESQ.
Nevada Bar No. 2292
RICHARD A. SCHONFELD, ESQ.
Nevada Bar No. 6815
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
Attorneys for Appellant

## TABLE OF CONTENTS

TABLE OF AUTHORITIES………………………………………………….iii

A.   STATEMENT RESPECTING MOTION FOR RECONSIDERATION AND MOTION FOR RECONSIDERATION *EN BANC* ……………............ 1

B   INTRODUCTION AND QUESTION PRESENTED………………… 2

C.   FACTUAL AND PROCEDURAL BACKGROUND………………… 3

D.   ARGUMENT: RECONSIDERATION SHOULD BE GRANTED BECAUSE THE PANEL'S DECISION OVERLOOKS MATERIAL ISSUES OF LAW AND FACT, CONFLICTS WITH PRECEDENT, AND RAISES ISSUES OF EXCEPTIONAL IMPORTANCE, NAMELY, THE PROPER APPLICATION OF THE STATUTORY PRESUMPTION FAVORING PRETRIAL RELEASE…………………...……………… 3

E.   CONCLUSION……………………………………………………...7

CERTIFICATE OF COMPLIANCE……………………………………………8

CERTIFICATE OF SERVICE…………….……………………………….…..9

# **TABLE OF AUTHORITIES**

**CASES**

*United States v. Dreier*,
596 F. Supp. 2d 831 (S.D.N.Y. 2009)………………………………............3, 5, 6

*United States v. Gebro*,
948 F.2d 1118 (9th Cir. 1991)……………………………………………………1, 7

*United States v. Lynch*,
No. 18-CR-00577-CRB-1, 2023 WL 3436091 (N.D. Cal. May 11, 2023)
(unpublished)……………………………………………………………………….3, 5, 6

*United States v. Madoff*,
586 F. Supp. 2d 240 (S.D.N.Y. 2009)……………………………………………3, 5, 6

*United States v. Motamedi*,
767 F.2d 1403 (9th Cir. 1985)…………………………………………………... 1, 7

**UNITED STATES CODE**

18 U.S.C. § 3142…………………………………………………………………... 5, 6, 7

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.    STATEMENT RESPECTING MOTION FOR RECONSIDERATION AND MOTION FOR RECONSIDERATION *EN BANC***

This motion is submitted because this Court's panel order dated August 5, 2024 (*see* dkt. 10)[1] did not substantively address the United States District Judge (C.D. Cal.) Otis D. Wright II's refusal to assess, as a condition of pretrial release, Appellant Alexander Smirnov's proposal to hire a private security firm at his own expense *in addition to* numerous other conditions (including the posting of a large corporate surety bond) to 1) ensure his appearance at future proceedings, 2) mitigate his risk of flight, and 3) comport with the Bail Reform Act's presumption favoring pretrial release.

Because the panel's summary affirmance of the district court's order conflicts with this Court's decisions in *United States v. Gebro*, 948 F.2d 1118 (9th Cir. 1991) and *United States v. Motamedi*, 767 F.2d 1403 (9th Cir. 1985), reconsideration (whether by the panel or *en banc*) is warranted.

Finally, this case presents an issue of exceptional importance specifically related to the presumption of release afforded under the Bail Reform Act to defendants like Mr. Smirnov—whose unproven "false statement" offenses do not reverse that presumption of release.

---

[1]    Dkt. 10 is attached as Exhibit 1.

1

B.  **INTRODUCTION AND QUESTION PRESENTED**

Mr. Smirnov's prior filings in this Court[2] raised important issues pertaining to Judge Wright's refusal to reopen the detention hearing and to impose conditions of release. The district court's refusal implicated: 1) Mr. Smirnov's recently proposed imposition of a private security firm; 2) his previous offer to post a large corporate surety bond; *and* 3) the host of other conditions that were imposed by the United States Magistrate Judge in the District of Nevada *and* that Mr. Smirnov complied with during his period of release, between February 20 and his rearrest on February 22, 2024. These issues—particularly the need for a district court to consider the *totality of the conditions* to mitigate flight risk—were presented on appeal under Rule 9(a), but a panel of this Court rejected them on August 5, 2024.

Reconsideration (by the panel or *en banc*) is warranted because the panel's order diverged from this Court's precedent and from the letter and spirit of the Bail Reform Act of 1984. In doing so, the panel let stand an order that plainly ignored (or, at best, paid short shrift to) not only the presumption of pretrial release but also the total "bail package" in this case—a package similar to the ones endorsed by courts in other districts. *See* Def. Open. Mem. at 14-16 (discussing and citing, among

---

[2]   These filings (made pursuant to Fed. R. App. P. 9(a)) include: 1) Defendant's Rule 9(a) Memorandum (Second) (July 14, 2024) (dkt. 7, "Def. Open. Mem."); 2) Defendant's Reply (July 30, 2024) (dkt. 9, "Def. Reply"); and 3) the exhibits attached to those filings.

other cases, *United States v. Lynch*, No. 18-CR-00577-CRB-1, 2023 WL 3436091, at *2-4 (N.D. Cal. May 11, 2023) (unpublished); *United States v. Madoff*, 586 F. Supp. 2d 240, 248–49 (S.D.N.Y. 2009); *United States v. Dreier*, 596 F. Supp. 2d 831, 833–34 (S.D.N.Y. 2009).

C.  **FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Smirnov's prior filings (*see supra* at n.2) outline the facts related to the issues presented in this motion.

Mr. Smirnov's opening memorandum was filed July 14, 2024; the Government's opposition was filed July 25, 2024; and the reply was filed July 30, 2024. The panel rendered its affirmance August 5, 2024.

This motion for reconsideration is timely pursuant to Fed. R. App. P. 35, 40 and Ninth Cir. R. 35-1.

D.  **ARGUMENT: RECONSIDERATION SHOULD BE GRANTED BECAUSE THE PANEL'S DECISION OVERLOOKS MATERIAL ISSUES OF LAW AND FACT, CONFLICTS WITH PRECEDENT, AND RAISES ISSUES OF EXCEPTIONAL IMPORTANCE, NAMELY, THE PROPER APPLICATION OF THE STATUTORY PRESUMPTION FAVORING PRETRIAL RELEASE**

The panel's order of August 5, 2024 stated in its entirety:

> This is an appeal from the district court's order denying appellant's motion to reopen his detention hearing and impose conditions of release. We have jurisdiction pursuant to 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291. We review the district court's factual findings concerning risk of flight under a "deferential, clearly erroneous standard." *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990). The conclusions based on such factual findings, however, present a

3

>mixed question of fact and law. *Id*. Thus, "the question of whether the district court's factual determinations justify the pretrial detention order is reviewed de novo." *United States v. Hir*, 517 F.3d 1081, 1086-87 (9th Cir. 2008) (citations omitted).
>
>*Appellant's sole argument is that that* [sic] *the district court clearly erred by finding that he had not agreed to post a corporate surety bond as a condition of release*. This argument misconstrues the record, which shows that the district court was simply explaining why it found "no comfort" in appellant's proposal to hire a private security company and why its concerns about the risk of flight remained. Appellant has not shown any error in the court's conclusion that appellant's proposal did not warrant revisiting or changing the court's decision that appellant poses a risk of flight and that no condition or combination of conditions will reasonably assure his appearance. *See* 18 U.S.C. § 3142(e), (f)(2). Affirmed.

Exhibit 1 at 1-2 (emphasis added).

This Court's order of affirmance—while brief—contains a misstatement: namely, the panel's characterization of Mr. Smirnov's argument on appeal. As stated in his opening memorandum (*see* Def. Open. Mem. at 14-16) and his reply (*see* Def. Reply at 5-6), Mr. Smirnov's principal argument is that the district court in this case refused to consider his "surety bond offer" *together with* not only his "private security offer," but *also* the host of additional release conditions—conditions with which he dutifully complied between February 20 and February 22, 2024. Thus, while the district court's suggestion that Mr. Smirnov had not offered to post a bond was indeed clear error, that was not Mr. Smirnov's "sole argument" on appeal. *See* Exhibit 1 at 1 (incorrectly labeling this as Mr. Smirnov's "sole argument").

4

The corollary to this argument is that the district court's refusal to consider the *totality* of the bail conditions denigrated the statutory presumption favoring pretrial release. *See*, *e.g.*, Def. Open. Mem. at 3 (stating at the outset: "[T]his case reflects a determination to ignore the statutory presumption favoring pretrial release . . . and to refuse to fashion—as did a United States Magistrate Judge—reasonable conditions of release under 18 U.S.C. § 3142(g).").

Mr. Smirnov continues to believe that, in contrast to the dismissive approach adopted by the district court in this case, district courts in several other previously-cited cases properly fashioned comprehensive "bail packages" that deterred the flight of defendants possessing far greater means (and facing far greater sentences) than Mr. Smirnov. *See, e.g.*, *Lynch*, 2023 WL 3436091 at *2-4 (despite Lynch's wealth valued between "$400 and $450 million," his foreign citizenship, and his attempt to fight extradition to the United States for years, district court fashions a bail package that includes "a bond in the amount of $100 million;" confinement to San Francisco; and condition that he "shall be guarded on a 24-hour basis by a private security company at Defendant's expense, including video surveillance and armed guards"); *see also Madoff*, 586 F. Supp. 2d at 244 (S.D.N.Y. 2009) (bail package of conditions imposed to guarantee future appearance of multi-million dollar fraudster includes 1) $10 million surety bond, and 2) home detention with 24-hour monitoring, at defendant's wife's expense); *Dreier*, 596 F. Supp. 2d at 833–34

5

(accepting a defendant's bail package that included a $10 million bond and home detention secured by on-premises security guards, who were allowed to use "temporary preventive detention and the use of reasonable force to thwart any attempt to flee").³

Had the district court adopted the approach seen in *Lynch*, *Madoff* and *Dreier*—an approach that *starts* with the recognition that defendants are presumed to be released before trial and that a diligent court should thus try to find a way to achieve that statutory end—it would have reached the same result. Instead, Judge Wright simply announced at Mr. Smirnov's initial (and, to date, only) appearance that he had not "changed [his] mind" and that Mr. Smirnov would be detained—period. *See* Def. Reply at 6 ("I have not changed my mind. This man will be remanded pending trial.") (citing Gov. Opp. at 14, which quotes transcript from hearing on February 26, 2024).

---

³ The record evidences not only that the Section 3142(g) factors weigh in favor of Mr. Smirnov's release, but also that he has repeatedly consented to imposition of virtually *any* reasonable release condition. *See* Def. Open. Mem. at 6 (on February 20, magistrate judge releases Mr. Smirnov on numerous conditions, including ban on all travel, surrender of all passports, and ban on obtaining other travel documents); *see also id*. at 4 (prior to February 26 hearing—that is, after rearrest but before proposal of additional "home security detail" condition—Mr. Smirnov proposes to post a corporate surety bond; volunteers to comply with imposition of house arrest and financial restrictions; and agrees to execute waiver of extradition), 6-8 (applying Section 3142(g) factors in this case).

6

### E. CONCLUSION

In addition to erroneously stating that Mr. Smirnov has never offered to post a surety bond, the district court has never—in any of its minute orders—explained *why*, based on the never-cited factors set forth in 18 U.S.C. § 3142(g), this is one of those "rare" cases that warrants pretrial detention. *See Gebro*, 948 F.2d at 1121 ("Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor.") (citing *Motamedi*, 767 F.2d at 1405). It is respectfully submitted that the district court's consistent refusal to apply the statutory factors—coupled with comments about what gives it "comfort"—violated the precedential principles set forth in *Gebro* and *Motamedi*. Thus, Appellant's motion for reconsideration and motion for reconsideration *en banc* should be granted.

Dated: August 15, 2024.

Respectfully Submitted By:

CHESNOFF & SCHONFELD

 /s/ David Z. Chesnoff
DAVID Z. CHESNOFF
Nevada Bar No. 2292
RICHARD A. SCHONFELD
Nevada Bar No. 6815
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
Attorneys for Appellant Alexander Smirnov

7

**Certificate of Compliance Pursuant to 9th Circuit Rule 35-4 and 40-1**

I certify that pursuant to Circuit Court Rule 35-4 or 40-1, the attached MOTION FOR RECONSIDERATION AND MOTION FOR RECONSIDERATION *EN BANC* is proportionately spaced in "Times New Roman" font, size 14. This brief contains approximately 1,667 words, including footnotes.

Executed on August 15, 2024.

                                                    Respectfully Submitted:

                                                    /s/ David Z. Chesnoff, Esq.
                                                    David Z. Chesnoff, Esq.
                                                    Richard A. Schonfeld, Esq.
                                                    Counsel for Appellant Smirnov

## Proof of Service

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/EFC system on August 15, 2024. A copy of the foregoing, MOTION FOR RECONSIDERATION AND MOTION FOR RECONSIDERATION *EN BANC*, was served through electronic mail pursuant to Fed. R. App. P. Rule 25(c)(1)(D), including on the following:

Sean Mulryne, Assistant Special Counsel
Email: sean.mulryne@usdoj.gov

Derek E. Hines, Senior Counsel
Email: derek.hines@usdoj.gov

Leo Wise, Principal Senior Assistant Special Counsel
Email: leo.wise@usdoj.gov

Christopher M. Rigali
Email: christopher.rigali2@usdoj.gov

I certify that the above participants in the case are registered CM/EFC users and that service will be accomplished by the appellate CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on August 15, 2024.

Respectfully submitted:

/s/ David Z. Chesnoff, Esq.
David Z. Chesnoff, Esq.
Richard A. Schonfeld, Esq.
Counsel for Appellant Smirnov

9